IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

      v.                                    07-cr-13-bbc-01

KORTNEY MOORE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Kortney Moore's supervised release was held on May 10, 2011, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney Rita M. Rumbelow. Defendant was present in person and by Terry Frederick. Also present was Senior United States Probation Officer Michael D. Harper.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on July 31, 2007, following his conviction for distribution of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony.

Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 50 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on November 30, 2009. On December 3, December 15, and December 28, 2010; and January 4, and January 25, 2011, defendant violated Standard Condition No. 7, prohibiting him from the purchase, possession, use, distribution, or administration of any narcotic or other controlled substances, when he tested positive for marijuana (THC). On December 15, 2001, he also tested positive for opiates. Defendant violated Special Condition No. 5, prohibiting him from using alcohol and illegal drugs and requiring him to participate in substance abuse treatment, as evidenced by the positive tests noted above, and by failing to report for his counseling sessions on December 22, 2010 and February 4, 2011.

Defendant violated Standard Condition No. 2, requiring him to report to the probation officer as directed and submit a complete truthful written report within the first five days of each month, when he failed to report to the probation office for a scheduled appointment on March 7, 2011, and when he failed to submit his monthly written report for February 2011.

On March 11, 2011, defendant violated Standard Condition No. 6, requiring him to notify the probation office at least ten days before any change in residence or employment, when he moved from his residence at 4379 Doncaster Drive in Madison, Wisconsin, and

2

failed to tell the probation officer where he was living.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke, extend or modify conditions of supervised release upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. 18 U.S.C. § 3583(g)(4) requires revocation of the term of supervised release if defendant tests positive for illegal controlled substances more than three times over the course of one year.  Defendant tested positive five times for marijuana and once for opiates over the course of two months. 18 U.S.C. § 3583(d) allows the court to consider whether available treatment and the individual's participation in treatment warrant an exception to mandatory revocation.  Defendant's participation in treatment does not warrant an exception to mandatory revocation.  Accordingly, the 36-month term of supervised release imposed on defendant on July 31, 2007, will be revoked.

Defendant's criminal history category is III.  With a Grade C violation, defendant has an advisory guideline range of imprisonment of 5 to 11 months.  The statutory maximum to which defendant can be sentenced upon revocation is 24 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which he was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing

3

Guidelines, I have selected a sentence at the top of the guideline range to hold defendant accountable for his violations and protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Kortney Moore on July 31, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 11 months. I recommend that defendant serve the last 60 days of his confinement in a federally approved community corrections center, with work release privileges. No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 10th day of May, 2011.

BY THE COURT:

/s/
BARBARA B. CRABB
U.S. District Judge